W. F. Hall Printing Company, Defendant in Error, v. Automatic Sprinkler Company of America, Plaintiff in Error.

## Gen. No. 17,691.

LANDLORD AND TENANT — *when company installing automatic sprinklers is liable to lessee.* Where a lessor's contract with a company to install an automatic sprinkler system required him to do certain excavating, and the evidence is conflicting as to who made such excavation which resulted in the weakening of a joint

in a water pipe, but the company turned on the water knowing the joint was weak, whereby it burst and the goods of a lessee were damaged, *held*, there was sufficient evidence that the company was negligent and that the negligence was the proximate cause of the damage.

Error to the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 23, 1913.

DEFREES, BUCKINGHAM, RITTER, CAMPBELL & EATON, for plaintiff in error; DON K. JONES, of counsel.

GANN, PEAKS & TOWNLEY, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Defendant in error, plaintiff below, commenced an action against plaintiff in error, defendant below, in the Municipal Court of Chicago, to recover for damage to plaintiff's stock of goods through the negligence of defendant's agents "in leaving the joint of a certain water pipe in the basement of premises occupied by plaintiff as lessee so weakened and unprotected that, when the water was turned into it, the water burst through the joint and into the basement aforesaid; and in turning the water into said pipe when said joint was weakened and unprotected as aforesaid; * * * said acts of negligence * * * occurred while said defendant's agents were installing an automatic sprinkler system, fireproofing device, in a building adjoining and contiguous with the premises now occupied by plaintiff as lessee." The case was tried by the court without a jury, resulting in a finding and judgment for plaintiff for $899.40, to reverse which judgment this writ of error is prosecuted. Three points are made in this court as grounds for a reversal, viz.: (1) Defendant was not guilty of negligence "in leaving the joint of a certain water pipe

* * * weakened and unprotected;" (2) defendant was not guilty 'of negligence "in turning the water into said pipe when said joint was weakened and unprotected;" and (3) neither of said alleged acts of negligence was the proximate cause of the injury.

The facts are: James E. Tilt was the owner of a seven-story factory building in Chicago. This building was occupied by plaintiff as lessee, and was equipped with an automatic sprinkler system. Tilt had erected an addition to his building and had contracted with defendant for the installation of automatic sprinklers in the new addition. The old sprinkler system was to be connected with the new, so that both might be operated as one system. The duty of making this connection rested upon defendant, and the connection was to be made at a point in the main pipe line under the floor of the basement of the old building. This main pipe line running downward from the tank on the roof turned at a right angle at this point, and in order to make the connection it was necessary that excavations be made so that the employees of defendant could get at the pipe at this point. In the written contract made by Tilt and defendant it was provided, *inter alia,* that Tilt, the owner, "will do all digging and back filling of trenches necessary for the running of underground pipe, do all carpentry and masonry work." The evidence is conflicting as to whether the excavating was done by employees of Tilt or by employees of the defendant. While making these necessary excavations, or after the completion thereof, it was found that the horizontal pipe, adjacent to the turn or angle, was held in place by two fastened iron rods, and these rods were cut by some of the men. The evidence is also conflicting as to whether these rods were cut by employees of Tilt or by employees of defendant, but the evidence shows that Olson, foreman for defendant, saw the men cutting the rods and knew that the function or purpose of the rods was to prevent the joint of pipe from "blowing out"

under the pressure of the water. At the time the rods were cut the water was turned off. Later in the day Olson, having knowledge that the rods had been cut, went up to the tank on the roof and turned on the water, but as there was little pressure in the tank at the time no damage was done. Still later in the day, Olson told one Montgomery (who as engineer of plaintiff had charge of the building, sprinkler system, motors and all machinery) that "all was ready" and to "pump up the pressure in the tank." Montgomery started to do this, not knowing that the rods had been cut, and while he was so engaged, the pipe in the basement, left unsupported by reason of the cutting of the rods, was blown out by the pressure of the water, resulting in the flooding of the basement of the building and in the damaing of a large amount of paper stored by plaintiff in said basement.

Under the facts of this case, as disclosed from all the evidence, we are of the opinion that the finding of the trial court was justified. We think that there was sufficient evidence that the defendant by its servant or servants was guilty of negligence, as charged in plaintiff's statement of claim, and that the negligence was the proximate cause of the damage to plaintiff's stock of paper. No point is made that the finding of the court is excessive. The judgment is accordingly affirmed.

*Affirmed.*